**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**PERRY G. MASON**                                                                 **PLAINTIFF**

**VERSUS**                                              **CAUSE NO. 2:04cv207-KS-JMR**

**T. K. STANLEY, INC.**                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion for Summary Judgment filed on behalf of the defendant, T. K. Stanley, Inc.,  **[#64]**.  The court, having reviewed the motion, the response, the exhibits and the pleadings on file and being fully advised in the premises is of the opinion that the motion is not well taken and should be denied.  The court finds specifically as follows;

## FACTUAL BACKGROUND

The plaintiff was employed as a pump truck driver with the defendant beginning in 1999.  In April 2003, the plaintiff injured his lower back on the job and was diagnosed with left leg radiculopathy and herniated discs at L3-4 and L4-5 which required a discectomy on September 16, 2003.  As a result of the injury and resulting surgery, the plaintiff was disabled from April 30 until October 31, 2003, when he was fully released by his doctor to return to work[1].

---

[1]  It appears from the pleadings that the plaintiff alleges that he was released with restrictions on October 29, 2003, but upon being advised that he could not return to work unless he returned with no limitations, he secured a full release from his doctor on October 31.  There appears to be some confusion

The plaintiff alleges that when he called his supervisor, Frank Pittman, to tell him that he had been fully released to return to work, he was told that he would not be allowed to return because of his prior medical history.  Mason filed a complaint with the United States Equal Employment Opportunity Commission (EEOC) on January 3, 2004, asserting that he had been discriminated against on the basis of his disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, *et seq.*  On March 23, 2004, the EEOC issued its "Right to Sue" letter.  The plaintiff, having exhausted his administrative remedies under the ADA, filed the instant action on June 16, 2004, asserting that he was discriminated against by being terminated because of his "record of disability."

The defendant denies the plaintiff's allegations and asserts that the plaintiff is unable to establish any evidence that his employment was terminated on the basis of any purported disability.  Instead, the defendant argues that the plaintiff was not disabled when his employment with T. K. Stanley terminated.  Furthermore, the defendant asserts that, assuming *arguendo* the plaintiff was disabled when his employment with T. K. Stanley terminated, the plaintiff was not substantially limited in a major life activity, which is required to establish a claim under the ADA.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file,

---

about who at the defendant received the information about the full release and whether it was relayed to the proper decision makers.

together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment."  *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477

3

U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting*

*Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## ANALYSIS

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  The Fifth Circuit has held that the threshold requirement in any ADA claim is that a plaintiff must first establish that he has a disability.  *de la Torres v. Bolger*, 781 F.2d 1134, 1136 (5th Cir. 1986).

The ADA defines a disability as follows:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

Therefore, to survive summary judgment under this analysis, it is incumbent on the plaintiff to show a genuine issue of material fact as to whether he had a physical or mental impairment, and, if so, whether it substantially limited one or more of his major life activities. *See, Rogers v. International Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 19960.

There is no dispute by the parties that Mason's back problems indeed constituted a physical impairment.  What the defendant disputes is that at the time of Mason's termination, he was not suffering from any physical impairment or he would not have been qualified to return to work.  However, the plaintiff points out that he has alleged in his complaint that he has a "record of such an impairment" which limited a major life activity and it is on that basis that the defendant discriminated against him by terminating him.  The defendant counters with the argument that even if the plaintiff has a "record of impairment," such did not limit a major life activity.

As the Fifth Circuit has held, "the ADA does not define "record of such an impairment," but the regulations and the interpretive guidance promulgated by the EEOC make clear that [Mason], at some point in the past, must have met or been classified as meeting the standard set forth in section 12102(2)(A)." *Burch v. Coca-Cola Co.*, 119 F.3d 305, 321 (5th Cir. 1997).  Further, the regulations provide: "(k) Has a record of such impairment means has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more of the

6

major life activities." 29 C.F.R. § 1630.2(k) (2005).  The regulation also provides a non-exhaustive definition list that, "[m]ajor life activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i) (2005); *See also*, *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 n.7 (5th Cir.1995).

Therefore, the dispute is whether the plaintiff's back problems substantially limited his major life activities to the point that he may be considered as having a "record of impairment" sufficient to establish an ADA claim.

The plaintiff argues that given his testimony and the affidavit of his wife that prior to his surgery he was unable, alone, to even perform the simplest personal hygiene tasks, among other things, and the lack of any testimony or other evidence to the contrary from the defendant, he has met his burden of showing that he had a clear record of impairment and was therefore disabled within the meaning of § (2)(B) of the Act.

Specifically, the plaintiff has offered proof that the pain and inability to move caused by the injury prevented him from raising his arms high enough to brush his teeth or comb his hair, he could not dress himself without assistance, he could not tie his own shoes without assistance, he could not do household chores and he could not walk without assistance.  According to the plaintiff, such pre-surgery conditions faced by him substantially impaired a number of his major life activities for a substantial period of time and consequently define him as having a record of disability.

The defendant implores the court to ignore the "self-serving" testimony of the plaintiff and his wife as not meeting the requirements to defeat a motion for summary

judgment.  However, Rue 56 provides that a nonmoving party's response, by affidavit or otherwise, must set forth specific facts which would be admissible at trial showing that there is a genuine issue for trial in order to defeat a motion for summary judgment.  This the plaintiff has done.  The credibility of the provider of those facts and of the facts themselves is left for the jury, not the court on summary judgment.

The plaintiff has shown that there exists a genuine dispute of material facts concerning whether he suffered a "record of impairment" and whether he was discriminated against in violation of the ADA on the basis of that impairment.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment **[#64]** is Denied.

SO ORDERED AND ADJUDGED this the 19th day of April, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE