UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**PERRY G. MASON**                                                                                               **PLAINTIFF**

**VERSUS**                                                                        **CAUSE NO. 2:04cv207-KS-JMR**

**T. K. STANLEY, INC.**                                                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Reconsider or in the Alternative for Certification Pursuant to 28 U.S.C. § 1292(b) and Stay Proceedings Pending Appeal filed on behalf of the defendant, T. K. Stanley, Inc., **[#76]** in response to this court's denial of the defendant's summary judgment motion. The court, having reviewed the motion, the response, the exhibits and the pleadings on file and being fully advised in the premises is of the opinion that the motion is not well taken and should be denied.

The factual background of this litigation is recited in the court's opinion denying summary judgment and will not be repeated here. It is sufficient, for purposes of this order, to state that the plaintiff contends that he was terminated from his employment with the defendant in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, *et seq.*, and that the court has ruled that he has presented genuine issues of material fact regarding his claims. The defendant now requests the court revisit that ruling.

As the defendant points out, Federal Rule of Civil Procedure 54(b), makes clear that any "order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the

parties." However, courts generally treat motions for reconsideration filed within ten days of the order sought to be reconsidered as a motion to alter or amend a judgment pursuant to Fed.R.Civ.P. 59(e). *See Joe v. Minnesota Life Ins. Co.,* 272 F. Supp.2d 603 (S.D. Miss. 2003). A specific ground for granting a motion for reconsideration is "the need to correct a clear error of law or prevent manifest injustice." *Joe*, 272 F. Supp. 2d at 604. *See also Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625 (S.D. Miss. 1990).

In ruling on such a motion, the Fifth Circuit has instructed that "a district court should consider the following nonexclusive list of factors: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion (2) the importance of the reconsideration of the underlying motion to the movant's case (3) whether the reasons set forth by the movant justifying the reconsideration were available to the movant before they responded to the underlying motion and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered." *Harrigill v. U.S.A.,* 2004 WL 1595676 (S.D. Miss., June 1, 2004) (citing *Sturges v. Moore,* 73 Fed. Appx. 777, 778 (5th Cir. 2003)).

The defendant argues that the court's denial of summary judgment to the defendant appears to turn on two key holdings: (1) that the plaintiff established a fact question regarding whether he could meet the ADA's definition of "disability" because he and his wife testified that from April 25, 2003 to October 31, 2003, the plaintiff was unable to, alone, perform the simplest personal hygiene tasks; and (2) whether because the plaintiff had a "record of impairment," a fact question remained regarding whether the plaintiff could meet the ADA's definition of "disability."

As stated in the original opinion in this case, the threshold requirement in any ADA claim is that a plaintiff must first establish that he has a disability. *de la Torres v. Bolger*, 781 F.2d 1134, 1136 (5th Cir. 1986).

The ADA defines a disability as follows:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).   The plaintiff is traveling under subsection (B), a record of impairment, and as part and parcel thereof, he must show that he has a record of an impairment that substantially limits or limited one of more of his major life activities. This is where the court found that the plaintiff had created a jury issue, and the finding the defendant is requesting reconsideration of.

Thus, the defendant's main argument to support its request for reconsideration of the denial of summary judgment is that the court erred as a matter of law in concluding that the plaintiff had presented a fact question regarding whether he was disabled within the meaning of the ADA.  Specifically, the defendant contends that the plaintiff cannot meet the definition of having a record of disability because he was not "substantially limited in a major life activity."

To support this argument the defendant cites to a number of Fifth Circuit and district court cases holding that people with temporary or correctible injuries are not generally entitled to ADA protection.  In reviewing those cases, the court has concluded that the question of disability under the ADA is very fact intensive in most situations and

3

a finding of coverage under the ADA is generally on a case-by-case basis.

In the bulk of the cases cited by the defendant, there was a failure of proof on the critical element of whether the injured person was substantially limited in a major life activity. Most of the cases under the ADA reviewed by the court deal with a permanent or continuing disability, which is not the case here.

However, the defendant seems intent on reading the statute and case law as requiring that one who claims a "record of such an impairment" be currently suffering from a substantial limitation on a major life activity. To be sure, the cases are less than pellucid on this point. A reading of the statute and relevant authority seem to indicate to this court that one who is seeking ADA protections based on a record of impairment need not continue to suffer from a substantial limitation on a major life activity. In fact, any conclusion to the contrary seems to run directly amiss of the statute and Supreme Court precedent.

Indeed, one who claims the protection of subsection (C), regarded as being impaired, need not suffer from any disability at all. This court agrees with the Seventh Circuit's analysis that § 12102(2)(B) is a "close sibling to the perceived impairment provision of § 12102(2)(C). *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 509 (7th Cir. 1998). In adding subsections (B) and (C), it is axiomatic that Congress was as concerned with people's perceptions of disabled persons as with the disability itself.

It is this court's opinion, that under the facts of this case, the plaintiff need not be suffering from a permanent impairment that substantially limits a major life activity in order to receive the protection of the ADA. He must show that he has a "record of such an impairment" which substantially limited a major life activity and that such was the

reason he was terminated.

The Supreme Court has held that a single hospitalization that substantially limited a major life activity more than twenty years before the offending termination was sufficient to establish a record of impairment.  *School Bd. Of Nassau County, Fla. v. Arline*, 480 U.S. 273, 281, 107 S.Ct. 1123, 1127, 94 L.Ed.2d 307 (1987).  This court has been shown no Fifth Circuit or Supreme Court case which has specifically held, under the factual scenario presented here, that one must still be suffering from a substantial limitation on a major life activity in order to secure the protection of the record of impairment subsection of the ADA.  To graft such a requirement onto the statute would make §12102(2)(B) superfluous because one suffering from such a limitation would meet the definition of disabled under § 12102(2)(A).

For the foregoing reasons, the defendant's motion to reconsider should be denied.  Further, the court finds no reason to delay the ultimate resolution of this matter by certifying it for immediate appeal under 28 U.S.C. § 1292(b).  The final pretrial conference in this matter is just days away and trial is less than three weeks away.  The motion to certify for immediate appeal should also be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion to Reconsider or in the Alternative for Certification Pursuant to 28 U.S.C. § 1292(b) and Stay Proceedings Pending Appeal **[#76]** is Denied.

SO ORDERED AND ADJUDGED this the 17th day of May, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE